UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 12-31486-WRS
                                                                   Chapter 7
THOMAS J. BRYAN
MARY LYNN BRYAN,

       Debtors

## MEMORANDUM

This case came before the Court for hearing on the Debtors' Objection to Sale (Doc. 95). For the reasons set forth below the Debtors' Objection is OVERRULED.

## I. FACTS

The Debtors filed a petition pursuant to Chapter 7 of the Bankruptcy Code on June 15, 2012, initiating Case No. 12-31486. In the Debtors' Schedule B, they list a variety of membership and partnership interests in numerous LLCs, including a 12.5% interest in Blue Cloud LLC, essentially an ownership interest in a Florida beach house. On July 8, 2013, the Trustee filed a Motion to sell the Blue Cloud interest free and clear of any potential lien held by BB&T. (Doc. 91). This Motion was heard on August 6, 2013, and was granted by this Court's Order of August 14, 2013. (Doc. 97).

On July 30, 2013, the Trustee filed a Notice of Sale, indicating that the Trustee had accepted an offer from H. Cannon Lawley to sell the Blue Cloud interest for $12,500.00, and proposed to make the sale on August 24, 2013. (Doc. 94). Shortly thereafter, the Debtors filed their Objection to Sale, (Doc. 95), on the grounds that they were now willing to offer more than Lawley's $12,500.00 for the Blue Cloud interest. At the August 27, 2013 hearing, the parties described how the offer was accepted, through an informal, blind bid process by way of e-mail

between the parties and the Trustee's office. On July 16, 2013, each party was asked to make their best offer in an attempt to expedite the process. (Doc. 100, Ex A). On July 29, 2013, the Trustee notified Lawley that his offer of $12,500.00 was the highest, and that it had been accepted. (Doc. 100, Ex. D). On July 30, 2013, Lawley issued a check for $12,500.00, Blue Cloud LLC issued a Unanimous Consent to Transfer Membership Interest, and the Trustee filed the aforementioned Notice of Sale.

At the hearing, it was explained that subsequent to the acceptance of the Lawley bid, the Debtors asked, and were permitted by the Trustee, to make an additional "final" bid, which was in the amount of $12,500.00. Given that it did not exceed the Lawley offer, and because the Lawley offer had been first in time, the Trustee maintained his acceptance of the Lawley offer. The Debtors' Objection to Sale now attempts to make another "final" bid in excess of Lawley's now disclosed price.

## II. LAW

The principal role of a trustee in a Chapter 7 case is gathering available estate property in order to obtain the value needed to satisfy the debtor's creditors. Primary among the trustee's duties is to "collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of the parties in interest." 11 U.S.C. § 704(a)(1). Section 363(b) governs the trustee's ability to manage estate property, and gives the trustee authority to "use, sell, lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Pursuant to 11 U.S.C. § 363(f) the trustee may sell property of the estate "free and clear of any interest in such property of an entity other than the estate," provided any one of the five disjunctive conditions are satisfied: (1) applicable nonbankruptcy

2

law permits a free and clear sale; (2) the entity consents; (3) sale price is greater than the aggregate value of all liens on the property; (4) interest is in bona fide dispute; or (5) a legal or equitable proceeding could compel a money satisfaction of the interest. 11 U.S.C. § 363(f).

The Trustee's sale of estate property, and thus his acceptance of any bid, is governed by the business judgment test. Equity Sec. Holders v. Lionel Corp. (In re Lionel), 722 F.2d 1063 (2d Cir. 1983). Essentially, this requires a trustee to establish sound business reasons for the terms of the proposed sale. In re Diplomat Const., Inc., 484 B.R. 215, 218-219 (Bankr. N.D. Ga. 2012) (noting that the business judgment test has been adopted by a vast majority of courts). Under this test, the Court considers factors such as: "(1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arm's length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest." In re Gulf States Steel, Inc. of Ala., 285 B.R. 497, 514 (Bankr, N.D. Ala. 2002). A trustee's decision in executing a sale or accepting a bid "is entitled to respect and great deference from the Court, so long as the burden of giving sound business reasons is met." Id. A reopening of bidding generally occurs only if "there was fraud, unfairness or mistake in the conduct of the sale . . . or . . . the price brought at the sale was so grossly inadequate as to shock the conscience of the court." In re Stanley Eng. Corp., 164 F.2d 316, 321 (3rd Cir. 1947).

Here, the Trustee has auctioned off estate property, and there is no challenge to the Trustee's ability to conduct such a sale, the manner in which the auction took place, or that it was done at arm's length. Nor do the Debtors contend that the sale was done with any bad or improper motive. That is, they do not make any allegation that the sale runs afoul of the business judgment test. Rather, the dispute in this case arises over the Trustee's acceptance of a bid, in the

3

Case 12-31486    Doc 101    Filed 09/03/13    Entered 09/03/13 12:09:05    Desc Main
              Document      Page 3 of 6

face of the Debtors' objection, which seeks to propose a new, additional bid. The Debtors' objection to the Trustee's acceptance of the Lawley bid is based upon the fact that they now propose to pay more than Lawley's $12,500.00. They argue that for the Trustee to still accept the Lawley offer in light of their new, higher offer would not be in the best interest of the bankruptcy estate. Lawley cites numerous cases to the proposition that a losing bidder may not object to a sale after the fact, on the premise that the bidding should be reopened so they can now enter a higher bid. See In re The Charter Co., 829 F.2d 1054, 1055 n. 1 (11th Cir. 1987) ("[R]eopening the bidding after the highest bidder has spent considerable time and money negotiating a contract could chill future interest in purchasing bankruptcy estate property."); In re Stanley Eng. Corp., 164 F.2d at 321 ("It cannot be tolerated that it be in the contemplation of [bidder] to wait until after the property has been struck off to the other, and then open the bidding and defer the sale by an increased offer.") (citations omitted); In re Reading Broadcasting, Inc., 386 B.R. 562 (Bankr. E.D. Pa. 2008). The Court finds Lawley's argument persuasive.

      The Court, however, is not unaware of the underlying tension in such a situation, which must balance the need for finality and regularity in the sale of bankruptcy estate assets against the general need of a trustee to obtain the highest value for the benefit of the estate and its creditors. Other circuits have used "bidders' reasonable expectations as a guidepost in . . . balancing the need for finality against the interest in maximizing the estate's worth." In re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997); See also In re Gil-Bern Indus, Inc., 526 F.2d 627, 628 (1st Cir. 1975) ("it is important that the bidder receive what he had reason to expect, and that nothing impair public confidence in the regularity of judicial sales."). Within that balance, "the importance of estate enhancement diminishes as an auction participant's reasonable expectations,

4

and the gravity of finality, increase." <u>In re Food Barn</u>, 107 F.3d at 565. While there certainly may exist some circumstances under which best interests of the estate and creditors warrant the denial of a sale in an effort to obtain a higher bid, this case does not present such a circumstance. To date, despite being allowed to make an untimely "final" bid, the best offer of the Debtors was only able to match the existing offer of Lawley. They have shown no reasonable degree of probability that allowing further bids will lead to a substantially better price. <u>See</u> <u>Reid v. King</u>, 157 F.2d 868 (4th Cir. 1946).

The Court agrees with the proposition that "a time must come when a fair bid is accepted and the proceedings are ended." <u>In re Webcor, Inc.</u>, 392 F.3d 893, 899 (7th Cir. 1968). That time arrived in this case when Hamm ended the bidding process, accepted Lawley's bid, and filed a Notice of Sale with the Court. It was the expectation of the bidders that the best offer would win. That expectation was frustrated to some degree by the Debtor's continued "final" offers, which still never rose to being the best offer. Certainly, Lawley had a reasonable expectation to rely on his winning bid, an expectation only underscored by the filing of the Notice of Sale and his winning bid amount becoming public. This sale has reached a stage at which the need for finality and deference to the auction process should win out.

### III. CONCLUSION

The Debtors' Objection to Sale raises no substantive objections against the sale itself, and thus provides no basis for the Court to interfere with the Trustee's judgment in accepting the Lawley bid. The Debtors agree that in all respects the sale was conducted in good faith, at arm's length, and procedurally sufficient with adequate notice to interested parties. The Trustee was well within his discretion to accept the highest bid, as set out to the competing parties at the start

5

of the bidding process. The bidding process ended, a winning bidder was named, and the fact that the Debtors' now have crafted a better offer, after learning the amount of the winning bid, is an insufficient reason to disrupt the sale. For these reasons, the Debtors' Objection to Sale is OVERRULED.

Done this 3rd day of September, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: George W. Thomas, Attorney for Debtors
 H. Cannon Lawley
 Daniel G. Hamm, Trustee

6